United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, | § | |
| (Inmate # P00242515) | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-3542 |
| | § | |
| STATE OF TEXAS | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

While a pretrial detainee in the Fort Bend County Jail, Andrew Burke, proceeding *pro se*, filed a pleading entitled an "emergency petition for writ of mandamus." (Dkt. 1). Because Burke is a prisoner seeking relief from the government, the Court is required by the Prison Litigation Reform Act to examine his petition and dismiss the case, in whole or in part, if it determines that the civil action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). After reviewing the pleadings and applicable law, the Court dismisses this case for the reasons explained below.

## I.   BACKGROUND

When Burke filed this petition, he was a pretrial detainee being held in the Fort Bend County Jail on charges of aggravated assault with a deadly weapon,

assault on a public servant, and conspiracy to commit murder. Burke is no stranger to the Southern District of Texas, having filed no fewer than thirteen prior petitions and civil rights complaints since his arrest in June 2022. *See Burke v. Tex. Comm'n on Jail Standards, et al.*, Civil No. 23-cv-3412 (S.D. Tex. Sept. 14, 2023), at Dkt. 6 (collecting cases).

Burke has titled his current pleading as an emergency petition for writ of mandamus. (Dkt. 1, p. 1). The petition states that the jury trial on Burke's state criminal charges began on September 12, 2023. (*Id.*). Burke alleges that his attorneys are sabotaging his trial and filing frivolous motions. (*Id.* at 1-2). He alleges that they are permitting the introduction of damaging audio recordings, which he contends have been tampered with and so are fraudulent. (*Id.* at 2). He also alleges that his attorneys are refusing to file the motions he wants them to file and are refusing to communicate with him. (*Id.*). Burke asks the Court to order the discharge of his appointed attorneys. (*Id.* at 1).

Burke also takes issue with certain rulings made by the state trial judge. (*Id.* at 3). He alleges that the state trial judge has denied him his right to represent himself under *Faretta v. California*, 422 U.S. 806 (1975). (*Id.*). He alleges that the state trial judge has ordered that he wear a shock collar during court proceedings and has barred him from the courtroom at times during the proceedings. (*Id.* at 4-5). Burke asks this Court to order that the state trial judge be recused, that his jury trial be

2/ 5

continued, and that venue for his trial be changed to Harris County. (*Id.* at 3-4).

## II.   **DISCUSSION**

Burke's current pleading seeks an emergency petition for writ of mandamus. A writ of mandamus compels the performance of a nondiscretionary duty when the plaintiff has a clear legal right to the relief, the defendant has a clear duty to act, and no other adequate remedy is available. *See, e.g., Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *Defense Distributed v. Bruck*, 30 F.4th 414, 426 (5th Cir. 2022). The former common law writ of mandamus was abolished when Federal Rule of Civil Procedure 81(b) was adopted. *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275 (5th Cir. 1973) (per curiam). Mandamus relief is now available only under the federal mandamus statute, which provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Because Burke is representing himself, the Court is required to liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But even under this liberal standard, Burke's petition cannot be construed to identify any officer or employee of the United States or its agencies that owes any duty to him. Neither the state trial judge nor Burke's appointed defense attorneys are officers or employees of the United States or one of its agencies. This Court

3/ 5

therefore has no jurisdiction under the mandamus statute to compel these individuals to take any specific action. Accordingly, Burke's petition fails to state a claim upon which relief can be granted under the mandamus statute.

As an alternative to the mandamus statute, the All Writs Act, 28 U.S.C. § 1651, permits courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." But a court may issue a writ of mandamus under the All Writs Act only "if the courts also have appellate jurisdiction, 'although no appeal has been perfected.'" *Bruck*, 30 F.4th at 423-24 (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943))). This Court has no appellate jurisdiction over the Texas state courts, and it may not order a state trial judge to take any action or rule in any particular fashion during a state criminal trial, whether Burke's or otherwise. Burke's petition therefore fails to state a claim upon which relief can be granted under the All Writs Act.

III.    **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Burke's emergency petition for writ of mandamus, (Dkt. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

2. Any pending motions are **DENIED as moot**.

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____Sept 26_____, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE